> Sealed
> Public and unofficial staff access
> to this instrument are
> prohibited by court order.

United States Courts
Southern District of Texas
FILED

OCT 22 2010

David J. Bradley, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, <br> *ex rel.* RoseMarie De Souza *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> ASTRAZENECA PLC *et al.*, <br><br> Defendants. | § § § § § § § § § § § § | CIVIL ACTION NO. 10-465 <br><br><br> FILED UNDER SEAL |

## LAYNE FOOTE'S OPPOSED MOTION TO TRANSFER

Proposed intervenor[1] Layne Foote, by counsel, files this Motion to Transfer this matter, along with RoseMarie De Souza's pending Motion to Determine First-To-File Status, to the United States District Court for the District of Delaware, and in support thereof states as follows:

### INTRODUCTION

On February 5, 2010, Relator Layne Foote filed a *qui tam* Complaint against AstraZeneca LP and AstraZeneca Pharmaceuticals, LP (together "AstraZeneca") in the United States District Court for the District of Delaware (the "Delaware Complaint"), alleging violations of the Federal False Claims Act ("FCA") and analogous state statutes as a result of AstraZeneca's illegal, off-label promotion of

---

[1] Relator Foote has filed a separate Unopposed Motion to Intervene in this case.

1

TRUE COPY I CERTIFY
TEST:
D J BRADLEY, Clerk of Court
Deputy Clerk

its cholesterol drug, Crestor®.[2] Ten days later, RoseMarie De Souza filed a *qui tam* Complaint in this Court, asserting a subset of identical claims against AstraZeneca for the same off-label promotion of the same drug. Although the Government[3] has not yet decided whether to intervene in either case, or whether any of the issues raised in either complaint have merit, De Souza filed in this Court an Opposed Motion to Determine First-to-File Status on October 1, 2010. In her Motion, De Souza seeks an advisory determination that she was the "first-to-file" with respect to her claim that AstraZeneca used the so-called JUPITER Study to illegally promote Crestor®.[4]

Under binding law in the Fifth and Third Circuits, this Court should transfer this matter to the District of Delaware because the first-filed rule vests in the court in which the first of two related actions was filed the responsibility to determine whether subsequently filed cases involving substantially similar issues should proceed. Here, there is substantial overlap between Relator Foote's earlier-filed

---

[2] On March 30, 2010, Relator Foote filed a First Amended Complaint that added an additional relator, Mark T. Lorden, and additional allegations. On June 9, 2010, Relators Foote and Lorden filed a Second Amended Complaint with additional allegations. This Motion refers only to Relator Foote's initial complaint (the "Delaware Complaint") that was filed on February 5, 2010.

[3] As used here, "Government" refers both to the United States and States.

[4] JUPITER was a study among persons with healthy LDL cholesterol levels, but high levels of C-Reactive Protein, a marker for inflammation. AstraZeneca ended the study early, in 2008, assertedly due to positive results. As discussed *infra*, De Souza's allegations relate solely to the manner in which AstraZeneca *intended* to promote JUPITER, because she has no knowledge of actual promotion. The first-filed Delaware Complaint, in contrast, provides specific allegations, based on personal knowledge, of how AstraZeneca *actually* promoted the JUPITER study.

2

suit in Delaware and De Souza's later-field complaint in this Court. Thus, the Court should transfer this action, and De Souza's pending Motion, to the District of Delaware[5], the first-filed court.

## ARGUMENT

### COMITY DICTATES THAT THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE SHOULD DECIDE THE INSTANT MOTION

Most federal circuits, including the Third and Fifth Circuits, adhere to the "first-filed rule"[6] to determine which of two or more competing courts should "maintain jurisdiction" over claims that arise out of the same subject matter but are filed in different courts. *See, e.g., West Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985) (concluding district court in Texas should have stayed, dismissed or transferred the second-filed action). Courts have interpreted the first-filed rule as a rule of comity, which requires that "in all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it." *See Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999) ("[W]hen related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap."); *EEOC v. Univ. of Penn.*, 850 F.2d 969, 971 (3d Cir.

---

[5] Relators Foote and Lorden are filing a parallel Motion in Delaware on these same issues.

[6] The "first-filed rule" is a rule of comity between courts to deal with situations which arise when substantially similar actions have been filed in courts of concurrent jurisdiction and is to be distinguished from the "first-to-file" rule applicable to False Claims Act cases.

1988) ("The first-filed rule encourages sound judicial administration and promotes comity among federal courts of equal rank."); *West Gulf Maritime*, 751 F.2d at 728. Thus "[c]omity must serve as a guide to courts of equal jurisdiction to exercise forbearance to avert conflicts and to avoid 'interference with the process of each other.'" *EEOC*, 850 F.2d at 971 (citation omitted).

The first-filed rule vests in the court in which the first of two related actions was filed the responsibility to "determine whether subsequently filed cases involving substantially similar issues should proceed." *Sutter Corp. v. P&P Indus., Inc.*, 125 F.3d 914, 920 (5th Cir. 1997) (recognizing the first court's authority to decide whether there was substantial overlap between the two actions). "Once the likelihood of a substantial overlap between the two suits has been demonstrated, it [is] no longer up to the [second filed court] to resolve the question of whether both should be allowed to proceed." *Cadle Co. v. Whataburger of Alice*, 174 F.3d 599, 605-06 (5th Cir. 1999) (quoting *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971)).

Accordingly, the court in which the later-filed case was filed should stay, dismiss, or transfer its pending action in deference to the first-filed court. *See West Gulf Maritime*, 751 F.2d at 730 n.1. "In the absence of compelling circumstances, the Court initially seized of a controversy should be the one to decide whether it

will try the case." *Mann Manufacturing*, 439 F.2d at 407. Recognized exceptions to this rule are few, they are rarely recognized, and none are applicable here.[7]

Other than a disagreement over the *adequacy* of the JUPITER allegations and which relator was the "first-to-file" them, De Souza concedes (as she must) that her later-filed complaint has similar allegations to the earlier-filed Delaware Complaint. A close examination of the two complaints confirms the substantial overlap that exists between them. Indeed, both complaints allege that AstraZeneca illegally promoted Crestor® for uses that were not approved by the Food and Drug Administration, and both complaints allege that AstraZeneca used the JUPITER and ASTEROID[8] studies as part of that "off-label" promotion.[9] Thus, there is undeniable overlap in the factual and legal allegations asserted in Relator Foote's earlier-filed Delaware Complaint and Relator De Souza's later-filed complaint in this Court.

In sum, these two lawsuits allege the same general conduct by the same defendants, and the same theory of fraud by which those defendants are liable to

---

[7] Generally, in order to depart from the first-filed rule, a "rare" showing of "exceptional circumstances" is required. *See EEOC*, 850 F.2d at 979. Established exceptions include: (i) forum shopping; (ii) bad faith; (iii) the second-suit having developed further procedurally than the initial suit; and (iv) the first-filing party acting in anticipation of an imminent suit in a less favorable forum. *Id.* at 976-77. None is even arguably applicable here.

[8] The ASTEROID Study was an AstraZeneca-sponsored trial, which allegedly showed that Crestor® could reverse (not merely slow) the progression of atherosclerosis, which was the leading cause of heart attack and stroke and a condition suffered by 4.5 million Americans.

[9] *See* Foote Compl. ¶¶ 131-42, 148-51; DeSouza Compl. ¶¶ 40-47.

5

the same real-party-in-interest plaintiffs (the United States and States). Accordingly, under the first-filed rule, the case should be transferred to the District of Delaware as the court with jurisdiction of the earlier filed action.

## CONCLUSION

For the foregoing reasons, the Court should transfer this action, including Relator De Souza's pending Motion to Determine First-to-File Status, to the United States District Court for the District of Delaware.

Respectfully submitted,

DATED: October 21, 2010

Doug K. Butler
Attorney-In-Charge
S.D. No. 9271
State Bar No. 03516050

FIGARI & DAVENPORT, L.L.P.
3400 Bank of America Plaza
901 Main Street
Dallas, Texas 75202
Telephone: 214-939-2000
Facsimile: 214-939-2090

Of Counsel:

W. Scott Simmer (*pro hac vice pending*)
Alan M. Freeman (*pro hac vice pending*)
Andrew M. Miller (*pro hac vice pending*)
BLANK ROME LLP
600 New Hampshire Avenue, NW
Washington, DC 20037
Telephone: 202-772-5800
Facsimile: 202-572-8412
*Counsel for Layne Foote*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was forwarded via the United States Mail, certified, return receipt requested, by facsimile, or by messenger to Joel Androphy at Androphy & Berg, the United States Attorney's Office in the Southern District of Texas, the United States Attorney's Office in the District of Delaware, the Department of Justice in Washington, D.C. and the Attorneys General of the *Qui Tam* States on October 22, 2010.

/s/ Doug K. Butler

Sealed
Public and unofficial staff access
to this instrument are
restricted by court order.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, <br> *ex rel.* RoseMarie De Souza *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> AstraZeneca PLC *et al.*, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 10-465 <br><br><br> FILED UNDER SEAL |

## ORDER

Intervenor Layne Foote filed his Motion to Transfer this matter, as well as RoseMarie De Souza's pending Motion to Determine First-To-File Status, to the United States District Court for the District of Delaware, on October 22, 2010. Upon due consideration, it is hereby

ORDERED, ADJUDGED, AND DECREED that Foote's Motion be, and it hereby is, GRANTED.

FURTHER ORDERED, ADJUDGED, AND DECREED that this action is transferred to the United States District Court for the District of Delaware.

Signed on _____, 2010

THE HONORABLE DAVID HITTNER
UNITED STATES DISTRICT JUDGE