IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. ROSEMARIE DE SOUZA,<br><br>            *Plaintiffs*,<br><br>    v.<br><br>ASTRAZENECA PLC and ASTRAZENECA PHARMACEUTICALS LP,<br><br>            *Defendants*. | Civ. No. 12-756-SLR |

**RELATOR ROSEMARIE DE SOUZA'S BRIEF**
**IN SUPPORT OF THE LOUISIANA CAUSE OF ACTION**

Pursuant to the Court's November 5, 2014 Memorandum Opinion and Order (D.I. 90 and 91), Relator RoseMarie De Souza ("De Souza"), by and through the undersigned counsel, files this brief in support of the Louisiana Cause of Action (state cause of action XI) to prove that she properly filed and served the Louisiana Attorney General within 30 days of the first-filed complaint.

On February 15, 2010, De Souza filed this *qui tam* action against defendants AstraZeneca PLC and AstraZeneca Pharmaceuticals LP (collectively, "AstraZeneca"). (D.I. 1.) On February 26, 2010, she filed an amended complaint to make non-material modifications. (D.I. 4.) Relator Layne Foote filed his original *qui tam* complaint on February 5, 2010. *See United States ex rel. Foote v. AstraZeneca LP*, No. 10-00095-SLR (D. Del. 2010).

Louisiana's first-to-file statute in effect on the date of the filing of both Foote's and De Souza's complaints provides that only later-filed complaints filed 30 or more days after the first-filed complaint are subject to dismissal:

> If more than one qui tam action arising out of the same information and allegations is filed, the court shall dismiss all qui tam actions where the complaint

1

{FG-W0381863}

and information filed with the secretary or attorney general were filed *thirty days or more after* the first qui tam complaint and information which serves as the basis for the alleged violation were filed with the secretary or attorney general.

*See* La. Rev. Stat. Ann. § 46:439.2(A)(3)(b) (2010) (emphasis added).

In the Court's November 5, 2014 Memorandum Opinion, the Court cited this Louisiana statute and requested that De Souza prove the date on which she filed her complaint with Louisiana in order for the Louisiana cause of action to survive dismissal:

> As to the Louisiana cause of action (D.I. 4 at ¶¶ 172-181), De Souza argues that Louisiana's first-to-file statute in effect on the date of the filing of her complaint allows for duplicative complaints if such complaints were filed within thirty days. *See* La. Rev. Stat. Ann. § 46:439.2(A)(3)(b) (2010). The statute also requires filing "the complaint and information" with the secretary or attorney general within 30 days of the first-filed complaint. As De Souza has not pled the date when she filed this information, the state cause of action XI is dismissed without prejudice. De Souza has 30 days to provide such evidence to the court.

(D.I. 90 at 12 n.8.)

On February 15, 2010, De Souza filed with the Court her complaint, which included the Louisiana state cause of action XI, only ten days after Foote filed his complaint. On the same day, De Souza's counsel's office also emailed and mailed via certified U.S. Mail a copy of the complaint to all states, including Louisiana. (*See* Declaration of Tracy L. Dunford ("Dunford Decl.") at ¶¶ 3-4, attached hereto as <u>Exhibit A</u>.) The Louisiana Attorney General's Office first received a copy of De Souza's complaint via electronic mail on the filing date, February 15, 2010, as shown in the "Read Receipt" email from "postmaster@ag.state.la.us" to Tracy L. Dunford, a paralegal at De Souza's counsel's office, who sent a file-stamped copy of De Souza's February 15, 2010 complaint to the Louisiana Attorney General's Office. *See* Dunford Decl. at ¶

2

3, Ex. 1.[1]  On March 1, 2010, the Louisiana Attorney General's Office received a hard copy of De Souza's complaint, as noted in an email from Nicholas Diez, Assistant Attorney General, Louisiana Department of Justice.  (*See* Dunford Decl. at ¶ 5, Ex. 3.)  Additionally, as shown on the certified mail return receipt card, De Souza's counsel's office received the United States Postal Service return receipt card back from Louisiana's Attorney General on March 4, 2010.  (*See* Dunford Decl. at ¶ 6, Ex. 2.)  The Dunford Declaration, attached hereto as Exhibit A, and Exhibits 1, 2, and 3 attached to the Dunford Declaration prove that a copy of De Souza's complaint was served timely on the Louisiana Attorney General.  Because any of the dates in Exhibits A, B, or C (February 15, March 1, and March 4, 2010, respectively) are within 30 days of Foote's original complaint filed on February 5, 2010, De Souza served and filed her Louisiana cause of action timely under Louisiana's first-to-file statute.

Accordingly, De Souza requests that this Court reverse its dismissal of her Louisiana state cause of action XI.

Dated: December 5, 2014

*/s/ Joel Friedlander*
Joel Friedlander (Bar No. 3163)
Christopher M. Foulds (Bar No. 5169)
Benjamin P. Chapple (Bar No. 5871)
FRIEDLANDER & GORRIS, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
(302) 573-3500
jfriedlander@friedlandergorris.com
cfoulds@friedlandergorris.com
bchapple@friedlandergorris.com

*Attorneys for Relator RoseMarie De Souza*

---

[1] For purposes of saving space in this exhibit, pages 3 to 89 of the body of the complaint attached to the email were deleted. Those pages do not contain any dates pertinent for proving service.

3

{FG-W0381863}

OF COUNSEL:

Joel M. Androphy
Sarah M. Frazier
BERG & ANDROPHY
3704 Travis Street
Houston, TX 77002
(713) 529-5622
jandrophy@bafirm.com
sfrazier@bafirm.com

4

{FG-W0381863}