**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ROSEMARIE DE SOUZA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ASTRAZENECA PLC, ASTRAZENECA PHARMACEUTICALS LP, <br><br> Defendants. | C.A. No. 12-cv-756 (SLR) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
RELATOR'S REMAINING FCA RETALIATION CLAIM AND LOUISIANA STATE
LAW CLAIMS**

Dated:  January 5, 2015

MORGAN, LEWIS & BOCKIUS LLP

Jody C. Barillare (#5107)
The Nemours Building
1007 N. Orange Street, Suite 501
Wilmington, DE 19801
(302) 574-3000
jbarillare@morganlewis.com

John C. Dodds (admitted *pro hac vice*)
Rebecca J. Hillyer (admitted *pro hac vice*)
Evan K. Jacobs (admitted *pro hac vice*)
1701 Market Street
Philadelphia, PA 19103-2921
(215) 963-5000
jdodds@morganlewis.com
rhillyer@morganlewis.com
ejacobs@morganlewis.com
*Attorneys for Defendant AstraZeneca
Pharmaceuticals LP*

# TABLE OF CONTENTS

**Page**

I.      STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS ........................1

II.     SUMMARY OF ARGUMENT ...............................................................................1

III.    BACKGROUND.................................................................................................4

IV.     ARGUMENT ....................................................................................................5

        A.      De Souza Has Failed To State A Claim For FCA Retaliation .............................5

                1.      Pleading Standard.................................................................................6

                2.      Analysis ................................................................................................7

        B.      De Souza's Louisiana State Law Claim (Count XI) Should Be Dismissed.........10

                1.      The Court Should Decline to Exercise Supplemental Jurisdiction ..........10

                2.      De Souza Fails to State a Claim under MAPIL ......................................11

                        a.      De Souza Has Not Complied with MAPIL's Statutory
                                Requirements for Filing a Qui Tam Action................................11

                        b.      De Souza Has Failed to State a MAPIL Claim with
                                Particularity or Plausibility........................................................13

                                (1)     Pleading Standards ......................................................13

                                (2)     De Souza Has Not Pled Any Location-Specific
                                        Allegations That Connect AstraZeneca's Purported
                                        Conduct To Louisiana ...................................................14

                                (3)     De Souza Has Not Stated a Plausible MAPIL Claim.......15

V.      CONCLUSION ................................................................................................19

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ..................................................................................................6

*Buckman Co. v. Plaintiffs' Legal Comm.,*
    531 U.S. 341 (2001) ..................................................................................................5

*Burns v. Lavender Hill Herb Farm, Inc.,*
    No. 01-7019, 2005 WL 1006321 (E.D. Pa. Apr. 28, 2005)................................2, 10

*Caldwell v. Janssen Pharmaceutical, Inc.,*
    144 So.3d 898 (La. 2014) ................................................................... 4, 15, 16, 17

*Campion v. N.E. Utilities,*
    598 F. Supp. 2d 638 (M.D. Pa. 2009) ....................................................................6

*Christidis v. First Pa. Mortg. Trust,*
    717 F.2d 96 (3d Cir. 1983) ....................................................................................13

*Edwards v. City of New York,*
    No. 10-cv-1047, 2011 WL 5024721 (E.D.N.Y. Oct. 18, 2011) .............................11

*Foglia v. Renal Ventures Mgmt. LLC.,*
    754 F.3d 153 (3d Cir. 2014) ..................................................................................15

*Foglia v. Renal Ventures Mgmt., LLC,*
    830 F. Supp. 2d 8 (D.N.J. 2011) ...........................................................................13

*Fowler v. UPMC Shadyside,*
    578 F.3d 203 (3d Cir. 2009) ....................................................................................6

*Garg v. Covanta Holding Corp.,*
    No. 11-3174, 478 F. App'x 737 (3d Cir. Apr. 17, 2012) ......................................10

*Hutchins v. Wilentz, Goldman & Spitzer,*
    253 F.3d 176 (3d Cir. 2001) ....................................................................... 1, 2, 7, 9

*In re Rockefeller Ctr. Props. Secs. Litig.,*
    311 F.3d 198 (3d Cir. 2002) ....................................................................... 4, 14, 15

*In re Schering Plough Corp. Intron/Temodar Consumer Class Action,*
    678 F.3d 235 (3d Cir. 2012) ....................................................................................5

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

## CASES

*James v. City of Wilkes-Barre,*
 700 F.3d 675 (3d Cir. 2012) ................................................................................6

*Kusner v. Hepburn, Willox, Hamilton & Putnam,*
 Civil Action No. 00-6313, 2001 WL 34368779 (E.D. Pa. Nov. 21, 2001)...........................10

*LaPosta v. Borough of Roseland,*
 309 F. App'x 598 (3d Cir. 2009) .........................................................................11

*Leder v. Shinfeld,*
 609 F. Supp. 2d 386 (E.D. Pa. 2009)....................................................................13

*McKenzie v. BellSouth Telecomm., Inc.,*
 219 F.3d 508 (6th Cir. 2000) ...........................................................................7, 8

*Seville Indus. Mach. Corp. v. Southmost Mach. Corp.,*
 742 F.2d 786 (3d Cir. 1984) ...........................................................................13

*United States ex rel. Bates v. Dentsply Int'l, Inc.,*
 No. CIV.A. 12-7199, 2014 WL 4384503 (E.D. Pa. Sept. 4, 2014) .................................14

*United States ex rel. Bennett v. Medtronic, Inc.,*
 747 F. Supp. 2d 745 (S.D. Tex. 2010)..................................................................18

*United States ex rel. Budike v. Peco Energy,*
 897 F. Supp. 2d 300 (E.D. Pa. 2012)....................................................................13

*United States ex rel. Lampkin v. Johnson & Johnson, Inc.,*
 Civil Action No. 08-05362, 2013 WL 2404238 (D.N.J. May 31, 2013) ......................15, 19

*United States ex rel. Mooney v. Americare, Inc.,*
 No. 06-cv-1806, 2013 WL 1346022 (E.D.N.Y. Apr. 3, 2013).............................................19

*United States ex rel. Nunnally v. W. Calcasieu Cameron Hosp.,*
 No. 12-30656, 519 F. App'x 890 (5th Cir. Apr. 3, 2013) ....................................................19

*United States ex. rel Piacentile v. Sanofi Synthelabo, Inc.,*
 Civil Action No. 05-2927, 2010 WL 5466043 (D.N.J. Dec. 30, 2010) ..........................15, 19

*United States ex rel. Saldivar v. Fresenius Med. Care Holdings, Inc.,*
 906 F. Supp. 2d 1264 (N.D. Ga. 2012)....................................................................11

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

**CASES**

*United States ex rel. Schmidt v. Zimmer, Inc.*,
  386 F.3d 235 (3d Cir. 2004) ............................................................................. 13

*United States ex rel. Simpson v. Bayer Corp.*,
  No. 05-3895, 2012 WL 3600302 (D.N.J. Aug. 21, 2012) ..................................... 10

*United States ex rel. Smith v. Yale Univ.*,
  415 F. Supp. 2d 58 (D. Conn. 2006) .................................................................... 7

*United States ex rel. Wilkins v. United Health Grp., Inc.*,
  No. 08-3425, 2011 WL 6719139 (D.N.J. Dec. 20, 2011) .................................... 18

*United States v. Caronia*,
  703 F.3d 149 (2d Cir. 2012) ............................................................................... 17

*Zahodnick v. Int'l Bus. Machs. Corp.*,
  135 F.3d 911 (4th Cir. 1997) ............................................................................... 7

**STATUTES**

Colo. Rev. Stat. Ann. § 25.5-4-305 .......................................................................... 3

Colo. Rev. Stat. Ann. § 25.5-4-306(2)(b) ................................................................. 2

Iowa Code § 685.1-10 ............................................................................................... 3

Iowa Code § 685.3(2)(b) ........................................................................................... 2

La. Rev. Stat. Ann. § 46: 439.1(B) (2014) .............................................................. 13

La. Rev. Stat. Ann § 46: 439.2(A)(2)(b) (2010) .................................................. 3, 12

La. Rev. Stat. Ann. § 46: 439.2(A)(3)(a) (2010) ................................................. 3, 12

La. Rev. Stat. § 46: 438.3 ................................................................................... 16, 17

Minn. Stat. § 15C.01 ................................................................................................. 3

Minn. Stat. § 15C.05(e) ............................................................................................. 2

# TABLE OF AUTHORITIES
### (continued)

**Page(s)**

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8(a) ............................................................................................ 3, 5, 6, 13, 19

Fed. R. Civ. P. 9(b) ............................................................................................................ passim

Fed. R. Civ. P. 12(b)(6) ........................................................................................................ 1, 6

## I.     STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

Relator RoseMarie De Souza filed this *qui tam* action against Defendants AstraZeneca PLC and AstraZeneca Pharmaceuticals LP[1] ("AstraZeneca") alleging violations of the False Claims Act ("FCA"), including retaliation, and state law violations relating to the promotion of Crestor.  By Order dated November 5, 2014, the Court dismissed De Souza's FCA claims and corresponding state law claims, except for Louisiana.[2]  *See* D.I. 90 & 91.  Consequently, the only remaining claims in De Souza's Second Amended Complaint ("SAC") are (1) FCA retaliation (Count IV); and (2) claims arising under Louisiana's Medical Assistance Programs Integrity Law ("MAPIL") (Count XI).

AstraZeneca moves to dismiss the FCA retaliation claim for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6) and 8(a).  With respect to De Souza's Louisiana claim – the only remaining state law claim – AstraZeneca respectfully requests this Court to decline to exercise its supplemental jurisdiction, or dismiss the claims for failure to state a claim under Rules 12(b)(6) and 8(a), and for failure to plead fraud with particularity under Rule 9(b).

## II.    SUMMARY OF ARGUMENT

1.     In order to state a claim for FCA retaliation, De Souza must demonstrate that she was retaliated against for engaging in "protected conduct."  *See Hutchins v. Wilentz, Goldman &*

---

[1]     To date, AstraZeneca PLC has not been properly served with the complaint.  Regardless, this Court does not have personal jurisdiction over AstraZeneca PLC, which is a United Kingdom public limited company with its headquarters in London, England.

[2]     On November 5, 2014 the Court ordered that De Souza has 30 days to submit evidence as to De Souza's Louisiana state law claims (Count XI) or it would be dismissed.  D.I. 91.  On December 5, 2014 De Souza filed her "Brief in Support of the Louisiana Cause of Action in Response to the Court's November 5, 2014 Order."  D.I. 93.  As set forth in detail below, De Souza's evidence is still insufficient to meet the statutory requirements for filing a Louisiana *qui tam* action.

1

*Spitzer*, 253 F.3d 176, 186, 188 (3d Cir. 2001).  This means De Souza must show that (1) AstraZeneca had knowledge that she was engaged in protected conduct and (2) AstraZeneca's alleged retaliation was motivated by De Souza engaging in protected conduct.  *See id.* at 186.

2.      Souza has failed to allege the elements of a FCA retaliation claim.  De Souza has failed to allege – beyond mere conclusions – that she engaged in any protected conduct or that she was retaliated against for engaging in such conduct.  Indeed, De Souza's allegations contradict her claim: De Souza was terminated based on her call notes concerning her handling of the JUPITER study (not "protected conduct") and De Souza never alleges that she initiated or investigated an FCA claim until after she was terminated.  *See* SAC ¶¶ 52-55.  Thus, De Souza's FCA retaliation claim must fail.

3.      Because De Souza fails to state a claim for FCA retaliation, there are no remaining federal claims at issue.  As such, this Court should decline to exercise supplemental jurisdiction over De Souza's MAPIL claim.  *See Burns v. Lavender Hill Herb Farm, Inc.*, No. 01-7019, 2005 WL 1006321, at *5 & n.45 (E.D. Pa. Apr. 28, 2005) (quoting *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)).

4.      However, even if this Court were to exercise supplemental jurisdiction over De Souza's MAPIL claim, the claim should be dismissed for two reasons.  First, De Souza has not adhered to the statutory requirements for filing a MAPIL claim and, second, De Souza has failed to plead her MAPIL claim with particularity or plausibility.[3]

---

[3]      In its November 5, 2014 Order the Court stated that De Souza's Colorado, Iowa, Maryland and Minnesota claims "fail for the same reasons."  D.I. 90 at 12 n.9.  Indeed, De Souza did not allege that she served the complaint on the proper state official, as these state statutes require.  *See* Colo. Rev. Stat. Ann. § 25.5-4-306(2)(b); Iowa Code § 685.3(2)(b); Md. Code Ann., Health-Gen. § 2-604(a)(3)(i); Minn. Stat. § 15C.05(e).

5.      MAPIL requires that a prospective relator file her complaint with the attorney general or secretary of Louisiana at least 30 days before filing her complaint in Court. *See* La. Rev. Stat. Ann. § 46: 439.2(A)(3)(a) (2010).[4]  By De Souza's own admission, she failed to adhere to this requirement. *See* D.I. 93 at 2 ("The Louisiana Attorney General's Office first received a copy of De Souza's complaint via electronic mail on the filing date, February 15, 2010.").

6.      MAPIL also requires that the complaint be "timely" filed with the attorney general or secretary of Louisiana. *See* La. Rev. Stat. Ann § 46: 439.2(A)(2)(b) (2010). De Souza did not timely file her complaint because she first learned of AstraZeneca's alleged scheme in 2006 (SAC ¶ 42), yet delayed in filing her complaint with the attorney general until the same day she filed her complaint in Court, February 15, 2010. D.I. 93 at 2. A delay of more than four years is "untimely" and requires dismissal of De Souza's MAPIL claim.

7.      Finally, De Souza has failed to allege her MAPIL claim with particularity or plausibility, as required by Federal Rules of Civil Procedure 9(b) and 8(a). Tellingly, there are no location-specific allegations that tie AstraZeneca's alleged conduct to claims allegedly submitted in Louisiana. As such, De Souza has failed to allege the specific "who, what, where,

---

Even if De Souza had done so, and even if she had made these claims with particularity and plausibility (which she did not), she could not bring claims under these statutes for conduct before 2010. *See* Colo. Rev. Stat. Ann. § 25.5-4-305 (effective May 26, 2010); Iowa Code § 685.1-10 (effective July 1, 2011); Md. Code Ann., Health-Gen. § 2-602 (effective Oct. 1, 2010); Minn. Stat. § 15C.01 (effective July 1, 2010). In any event, the Court should decline to exercise supplemental jurisdiction over any such claims.

[4]      The MAPIL statute was amended since De Souza filed her Complaint. Unless otherwise stated, AstraZeneca refers to the MAPIL statute as in effect in 2010 when De Souza filed her Complaint.

when and how" of her MAPIL claim as is required under Rule 9(b).  *See In re Rockefeller Ctr. Props. Secs. Litig.*, 311 F.3d 198, 217 (3d Cir. 2002).

8.      Moreover, even if De Souza could rely on general and conclusory allegations of a "nationwide" scheme to support her state-specific claim, she has failed to plausibly allege a claim, especially considering the narrow scope of MAPIL as articulated by the Louisiana Supreme Court in *Caldwell v. Janssen Pharmaceutical, Inc.*, 144 So.3d 898 (La. 2014).

9.       For any or all of these reasons, and for the reasons set forth below, De Souza's SAC should be dismissed in its entirety.

## III.   **BACKGROUND**

The SAC is long on words, but short on substance.  The majority of the SAC is dedicated to rote recitals and explanations of statutory provisions (*see e.g.*, SAC ¶¶ 13-38, 76-80, 83-84, 201-02) and a parroting of those provisions in the form of conclusory allegations concerning AstraZeneca's alleged conduct (*see e.g.*, SAC ¶¶ 91, 203-06).

With regard to De Souza's retaliation claim, De Souza concedes she was investigated by AstraZeneca for her improper handling of the JUPITER study based on her own call notes (SAC ¶¶ 52-53) and was ultimately terminated as a result of this investigation (SAC ¶ 55).  While De Souza baldly asserts that "AstraZeneca took negative employment actions against Relator in response to her investigation and initiation of this claim," (SAC ¶ 133) there is no indication from the face of the SAC that De Souza initiated an investigation or objected to AstraZeneca's alleged conduct prior to her termination.

With regard to De Souza's MAPIL claim, the SAC does not contain a single factual allegation regarding AstraZeneca's alleged improper conduct or submission and/or payment of a false claim in Louisiana.

4

It is indisputable that physicians "may prescribe a drug for an off-label use so long as the drug has been FDA-approved for some use." SAC ¶ 15; *see also Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 350 (2001); *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 240 (3d Cir. 2012). The FDA has approved the use of Crestor for various indications. As De Souza concedes, "[p]rior to February 2010, Crestor was indicated for patients with high cholesterol to reduce total cholesterol and 'bad' cholesterol . . . and increase 'good' cholesterol and also to slow the progression of atherosclerosis." SAC ¶ 40. As of February 2010, Crestor is also approved "to reduce the risk of stroke and heart attack in patients with an increased risk of cardiovascular disease." *Id.*[5] Nevertheless, De Souza maintains, through sweeping generalizations, that AstraZeneca's alleged off-label promotion resulted in "all of the claims AstraZeneca caused physicians, pharmacists, and third-party payers to submit to the Louisiana Medicaid programs and other state-administered government health plans [to be] false and/or fraudulent." SAC ¶ 203.

## IV.   ARGUMENT

### A.   De Souza Has Failed To State A Claim For FCA Retaliation

De Souza's retaliation allegations are contradictory and insufficient to meet even the liberal pleading standards under Federal Rule of Civil Procedure 8(a). De Souza concedes that AstraZeneca terminated her employment based on her actions (as reflected in her own call notes) surrounding the JUPITER study. *See* SAC ¶¶ 52-56. De Souza never alleges that she objected

---

[5]   Although omitted from the SAC, there are various uses of Crestor supported by statutorily approved compendium. These uses are considered "medically accepted indications" and are covered drugs under Medicare and Medicaid. SAC ¶ 28.

to any of AstraZeneca's alleged promotional strategies or that De Souza was conducting her own investigation into AstraZeneca's conduct.  Further, De Souza conclusorily alleges that AstraZeneca "took negative employment actions against Relator in response to her investigation and initiation of this claim."  *Id.* ¶ 133.  This allegation is demonstrably false.  De Souza was terminated on February 1, 2010.  *Id.* ¶ 54.  However, De Souza did not initiate this lawsuit until February 15, 2010 (D.I. 1) and did not fully develop her factual pleading – which is still insufficient – until she filed her SAC on December 12, 2011 (D.I. 49), nearly two years after she was terminated by AstraZeneca.

        1.   <u>Pleading Standard</u>

Under Rule 8(a), a complaint must contain "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. 663.  "[L]abels and conclusions" or "a formulaic recitation of the elements of a cause of action" do not suffice.  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555); *see also James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012) ("[W]e disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements."); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).  "A plaintiff must make 'a showing rather than a blanket assertion of an entitlement to relief,' and 'without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests.'"  *Campion v. N.E. Utilities*, 598 F. Supp. 2d 638, 643 & 658 (M.D. Pa. 2009) (holding "vague and conclusory" claims insufficient to state a claim for FCA

retaliation) (citation omitted).

    2.    <u>Analysis</u>

To properly plead an FCA retaliation claim, a relator must allege facts demonstrating that she was retaliated against for engaging in "protected conduct." *See Hutchins v. Wilentz, Goldman & Spitzer*, 253 F.3d 176, 186, 188 (3d Cir. 2001) (discussing elements of an FCA retaliation claim). To prove that a relator was "discriminated against 'because of' conduct in furtherance of an [FCA] suit, [relator] must show that (1) [her] employer had knowledge [she was] engaged in 'protected conduct'; and (2) that [her] employer's retaliation was motivated, at least in part, by the employee's engaging in 'protected conduct.'" *Id.* at 186 (quoting *United States ex rel. Yesudian v. Howard Univ.*, 153 F.3d 731, 736 (D.C. Cir. 1998)). The SAC falls short of supporting these elements.

First, De Souza fails to allege that she engaged in any "protected activity" under the FCA, let alone that Astra Zeneca had knowledge of such protected activity. The Third Circuit has defined protected activities as actions that "sufficiently further[] 'an action filed or to be filed under' the [FCA]." *Hutchins*, 253 F.3d at 187 (quoting *McKenzie v. BellSouth Telecomm., Inc.*, 219 F.3d 508, 516 (6th Cir. 2000)). While internal reporting can qualify as protected conduct, such reporting must have a "nexus with the 'in furtherance prong of [a FCA] action.'" *Id.* (quoting *McKenzie*, 219 F.3d at 515). The protected activity must relate to disclosing false claims and must consist of "more than merely reporting wrongdoings to supervisors." *McKenzie*, 219 F.3d at 516. "[A] plaintiff must at least demonstrate that his or her investigation, inquiries and complaints were conducted with the purpose of exposing a 'fraud upon the government.'" *United States ex rel. Smith v. Yale Univ.*, 415 F. Supp. 2d 58, 103 (D. Conn. 2006) (citation omitted); *see also Zahodnick v. Int'l Bus. Machs. Corp.*, 135 F.3d 911, 914 (4th

Cir. 1997) (reporting by plaintiff to his supervisors of a "mischarging to the government" on a government contract did not establish protected activity).

For example, in *McKenzie*, relator alleged that she engaged in protected activities by informing her supervisors and auditors about the falsification of records she knew related to government refunds. 219 F.3d at 516-17. The Sixth Circuit held that these activities were not protected because the FCA "requires more than merely reporting wrongdoing to supervisors." *Id.* at 516 (citations omitted). The Sixth Circuit noted that her actions were not sufficiently connected to investigating fraud against the government, but were more directed to avoiding pressure to falsify documents. *Id* at 516-17.

Here, there are no allegations that even conclusorily suggest that De Souza was engaged in protected activity. Unlike *McKenzie* – where relator's allegations of reporting wrongdoing to supervisors were deemed insufficient to state a claim – De Souza never alleges that she reported any wrongdoing or was investigating any FCA claim (or any other fraud against the government) while she was employed by AstraZeneca. Instead, De Souza's allegations demonstrate the opposite, through a clear time line of events. De Souza was investigated for her handling of the JUPITER study (SAC ¶¶ 52-53), she was terminated on February 1, 2010 as a result of this investigation (D.I. ¶ 54-55) and then – only after her termination, the alleged retaliatory action taken by AstraZeneca – did De Souza initiate this lawsuit (D.I. 1).[6]

Except for De Souza's bald assertion that "AstraZeneca took negative employment actions against Relator in response to her investigation and initiation of this claim" (SAC ¶ 133), there are no allegations which demonstrate De Souza was investigating or disclosing an alleged

---

[6]    Indeed, her purported evidence was not even fully developed until nearly two years after her termination when she filed her SAC on December 13, 2011 (D.I. 49).

fraud on the government prior to her termination.  Thus, De Souza has failed to allege that she was engaged in any "protected conduct."

Second, De Souza has failed to allege that AstraZeneca had notice of any protected conduct.  Section 3730 requires that an employee "put his employer on notice of the 'distinct possibility' of [FCA] litigation."  *Hutchins*, 253 F.3d at 188 (quoting *Yesudian*, 153 F.3d at 740).  This means relator must demonstrate that she engaged in "conduct from which a fact finder could reasonably conclude that the employer could have feared that the employee was contemplating filing a qui-tam action against it or reporting the employer to the government for fraud . . . ." *Hutchins*, 253 F.3d at 188-89 (quoting *Mann v. Olsten Certified Healthcare Corp.*, 49 F. Supp. 2d 1307, 1314 (M.D. Ala. 1999)).  In other words, De Souza must show that she informed her employer "that [she] intended to use [her] information in furtherance of a *qui tam* action or that [she] was going to report it to government authorities because [she] believed [her employer] was defrauding the government." *Id.* at 193.

De Souza does not allege that she informed AstraZeneca that she was pursuing an FCA case or planning to file a *qui tam* action.  Indeed, the SAC contains no allegations that De Souza told anyone employed by AstraZeneca that she had discovered illegal activities that were fraudulently causing a loss of government funds, let alone that she was contemplating or pursuing an FCA action.  Indeed, there is no indication that De Souza was contemplating an FCA action until after her termination on February 1, 2010.

For these reasons, De Souza's retaliation claim (Count IV) should be dismissed.

**B.     De Souza's Louisiana State Law Claim (Count XI) Should Be Dismissed**

       1.    The Court Should Decline to Exercise Supplemental Jurisdiction

As a threshold matter, because De Souza has failed to state a FCA retaliation claim – her only remaining federal claim – this Court should decline to exercise supplemental jurisdiction over De Souza's Louisiana state law claim because no federal claims remain in dispute.  *See Burns v. Lavender Hill Herb Farm, Inc.*, No. 01-7019, 2005 WL 1006321, at *5 & n.45 (E.D. Pa. Apr. 28, 2005) ("Where 'the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must decline* to decide the pendent state law claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'") (emphasis in original) (quoting *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)).  Courts in this Circuit routinely refuse to exercise supplemental jurisdiction over state FCA claims once the federal FCA claims are dismissed. *See, e.g., Garg v. Covanta Holding Corp.*, No. 11-3174, 478 F. App'x 737, 739 (3d Cir. Apr. 17, 2012) (affirming judgment of district court dismissing federal FCA claim and, in light of dismissal of federal claims, declining to exercise supplemental jurisdiction over remaining state law claim); *United States ex rel. Simpson v. Bayer Corp.*, No. 05-3895, 2012 WL 3600302, at *5 (D.N.J. Aug. 21, 2012) (declining to exercise jurisdiction over state FCA claims after dismissing federal FCA claim); *Kusner v. Hepburn, Willox, Hamilton & Putnam*, Civil Action No. 00-6313, 2001 WL 34368779, at *5 (E.D. Pa. Nov. 21, 2001) (same).

Accordingly, this Court should decline to exercise supplemental jurisdiction over De Souza's Louisiana state law claims.

2.      De Souza Fails to State a Claim under MAPIL

Should this Court choose to exercise supplemental jurisdiction over De Souza's

Louisiana state law claim, her claim should, nevertheless, be dismissed for at least two reasons.

First, De Souza did not follow the statutory requirements for filing a Louisiana state law *qui tam*

action.  Second, De Souza's allegations fall well short of pleading a MAPIL cause of action with

particularity or plausibility.

a.      *De Souza Has Not Complied with MAPIL's Statutory
        Requirements for Filing a Qui Tam Action*

Compliance with state law statutory requirements is a necessary prerequisite to filing any

claim under that statute.  *See LaPosta v. Borough of Roseland*, 309 F. App'x 598, 603 (3d Cir.

2009) (upholding trial court's dismissal of state law claims in part on basis that plaintiff did not

comply with the statute's requirement to serve notice on municipality of tort claim); *United

States ex rel. Saldivar v. Fresenius Med. Care Holdings, Inc.*, 906 F. Supp. 2d 1264, 1278 (N.D.

Ga. 2012) (Relator's "failure to plead his compliance with serving each state's Attorney General

in the Complaint is fatal here."); *Edwards v. City of New York*, No. 10-cv-1047, 2011 WL

5024721, at *6 (E.D.N.Y. Oct. 18, 2011) ("Failure to comply with this condition precedent [of

providing notice of claim to state agent] is grounds for dismissing New York state law claims in

federal court.").  In contravention of MAPIL § 46:439.2(A)(3) and (2), respectively, De Souza

did not file her complaint with the attorney general 30 days before filing her complaint in court

and De Souza did not "timely file a complaint with the secretary or attorney general" because De

Souza delayed more than four years from the time she became aware of AstraZeneca's alleged

scheme to file her allegations with the attorney general.

First, Section 46:439.2(A)(3) makes clear that a relator is not permitted to file a Louisiana

*qui tam* action until 30 days after filing a complaint with the secretary or attorney general.  *See*

11

La. Rev. Stat. Ann. § 46:439.2(A)(3)(a)(2010).  In the SAC, De Souza does not allege the dates

that she filed a complaint with the attorney general.  *See id.*  Furthermore, De Souza's Brief in

Support of the Louisiana Cause of Action (D.I. 93) confirms that De Souza did not follow this

statutory requirement.  De Souza admits that "[t]he Louisiana Attorney General's Office first

received a copy of De Souza's complaint via electronic mail on the filing date, February 15,

2010."  *See* D.I. 93 at 2.  This is the same day that De Souza's Louisiana *qui tam* action was filed

in court.  D.I. 1.  Accordingly, De Souza's MAPIL claim must be dismissed for failure to comply

with Section 46:439.2(A)(3)(a).

Second, De Souza's filing of the complaint with the attorney general cannot be

considered "timely" under Section 439.2(A)(2)(b) which states: "No qui tam action shall be

instituted by a qui tam plaintiff if he fails to timely file a complaint with the secretary or attorney

general."  La. Rev. Stat. Ann. § 46:439.2(A)(2)(b) (2010).  Here, De Souza concedes that she

"first became aware of AstraZeneca's schemes in 2006."  SAC ¶ 42.  Nevertheless, she waited

more than four years to file a complaint with the attorney general.  A delay of more than four

years from the time De Souza first learned of AstraZeneca's alleged scheme is untimely[7] and

requires the dismissal of De Souza's MAPIL claim.

---

[7]     While AstraZeneca has been unable to identify case law that interprets the meaning of
"timely file a complaint" under Section 46:439.2(A)(2), AstraZeneca respectfully submits
that a delay of more than four years is untimely.  The Louisiana legislature originally
required a prospective relator to file a complaint and written disclosure with the secretary
or attorney general "within one year of the date the qui tam plaintiff knew or should have
known of the information forming the basis of the complaint."  *See* La. Rev. Stat. Ann. §
46:439.2(A)(2)(b) (effective June 18, 2007 to Aug. 14, 2009).  While this provision has
been replaced, a delay of four years is significantly longer than the original one year
requirement imposed by the legislature.  In addition, the statute of limitations to bring a
*qui tam* action is currently limited to three years after "the date the facts material to the
right of action are known or reasonably should have been known by the official of the

b.    *De Souza Has Failed to State a MAPIL Claim with Particularity or Plausibility*

(1)    <u>Pleading Standards</u>

In addition to the pleading requirements to state a claim under Rule 8(a) (*see supra*

Section IV.A.1), for FCA claims and claims brought under state corollaries to the FCA, the

particularity requirement of Rule 9(b) also applies.  *See*, *e.g., United States ex rel. Schmidt v.*

*Zimmer, Inc.*, 386 F.3d 235, 242 n.9 (3d Cir. 2004); *Christidis v. First Pa. Mortg. Trust*, 717

F.2d 96, 99 (3d Cir. 1983) (explaining that Rule 9(b) applies "not only to fraud actions under

federal statutes, but to fraud claims based on state law"); *Foglia v. Renal Ventures Mgmt., LLC*,

830 F. Supp. 2d 8, 13 (D.N.J. 2011) (applying Rule 9(b) to allegations under false claim statutes

of New Jersey and Texas); *Leder v. Shinfeld,* 609 F. Supp. 2d 386, 396 (E.D. Pa. 2009)

(dismissing state law claim for failure to comply with Rule 9(b)).  Rule 9(b) requires that, in

"alleging fraud or mistake, a party must state with particularity the circumstances constituting

fraud or mistake."  Fed. R. Civ. P. 9(b).  "'The requirements of Rule 9(b) effectively prevent a

claimant from searching for a valid claim after a civil action has been commenced.'"  *United*

*States ex rel. Budike v. Peco Energy,* 897 F. Supp. 2d 300, 316 (E.D. Pa. 2012) (quoting 2 James

Wm. Moore et al., *Moore's Federal Practice* § 9.03[1][a] (3d ed. 2002)).  To serve this purpose

and comply with Rule 9(b), a complaint must state "the date, place or time" of the fraud, or

otherwise inject "precision and some measure of substantiation into [the] allegations of fraud."

*Seville Indus. Mach. Corp. v. Southmost Mach. Corp*., 742 F.2d 786, 791 (3d Cir. 1984).  In

---

state of Louisiana charged with responsibility to act in the circumstances."  La. Rev. Stat.
Ann. § 46:439.1(B) (2014).  Thus, considering the legislature's disposition towards
limitations periods between one and three years for persons with knowledge of an alleged
violation, there is no justification or support for De Souza's delay of more than four
years.

other words, Rule 9(b), at a minimum, requires a description of the "'who, what, when, where and how' of the events at issue." *In re Rockefeller Ctr. Props. Secs. Litig.*, 311 F.3d 198, 217 (3d Cir. 2002) (citations omitted).  Accordingly, De Souza's MAPIL claim must meet Rule 9(b)'s heightened standard to survive a motion to dismiss.

> (2)     De Souza Has Not Pled Any Location-Specific Allegations That Connect AstraZeneca's Purported Conduct To Louisiana

Given the heightened pleading standard for FCA and state corollary claims, De Souza must allege facts that specifically support her Louisiana state law claim.  This means De Souza must, among other things, allege "location-specific" facts regarding her Louisiana state-law claim.  *See United States ex rel. Bates v. Dentsply Int'l, Inc.*, No. CIV.A. 12-7199, 2014 WL 4384503, at *10 (E.D. Pa. Sept. 4, 2014) ("[H]aving failed to allege location-specific facts in the second amended complaint, relators have not adequately pleaded claims under the state laws of [listing states including Louisiana].").  Critically, "'conclusory' references to state Medicaid programs" that are not connected to a defendant's purported conduct are insufficient to survive a motion to dismiss.  *See id.*

On its face, the SAC is devoid of a single factual allegation that is specific to De Souza's Louisiana state law claim.[8]  De Souza has not made any allegations regarding any sales representatives who detailed Crestor in Louisiana, doctors who were promoted to in Louisiana, off-label statements that were made in Louisiana, prescriptions that were written in Louisiana,

---

[8]     De Souza makes one reference to the 2008 American Heart Association conference, which was held in New Orleans, Louisiana.  *See* SAC ¶ 44.  However, De Souza does not allege that any improper promotional conduct occurred at this conference or that any Louisiana doctors were improperly promoted to or submitted claims they knew to be false.

nor claims that were submitted for reimbursement in Louisiana, among other deficiencies.  Put

simply, De Souza has failed to specifically allege the "who, what, where, when and how" of her

MAPIL claim.  *See In re Rockefeller Ctr. Props. Secs. Litig.*, 311 F.3d at 217.  Accordingly, she

has failed to meet the heightened pleading standards under Rule 9(b).

(3)     De Souza Has Not Stated a Plausible MAPIL Claim

Even if De Souza could rely on her general and conclusory allegations regarding a

"nationwide" scheme to support her state-specific MAPIL claim – which she cannot – these

allegations still fall short of the applicable pleading standards for an FCA claim and its MAPIL

corollary.  This is all the more true considering the Louisiana Supreme Court has applied a

narrower scope to MAPIL compared to federal FCA jurisprudence.[9]  *See Caldwell v. Janssen*

*Pharm., Inc.*, 144 So.3d 898 (La. 2014).

---

[9]     While *Caldwell* makes clear that the scope of MAPIL is narrower than the reach of the FCA, given the scarcity of case law analyzing the sufficiency of a complaint alleging a violation of MAPIL, federal courts' analyses of the sufficiency of FCA claims are instructive.

To adequately allege an FCA case based on off-label promotion, at a minimum, relator must present with plausibility and particularity factual allegations supporting both: (1) the alleged off-label promotion; and (2) how that off-label promotion caused the submission of false claims for government reimbursement.  *See, e.g.*, *United States ex rel. Lampkin v. Johnson & Johnson, Inc.*, Civil Action No. 08-05362, 2013 WL 2404238, at *4 (D.N.J. May 31, 2013) (bald allegations "that reimbursement claims were submitted to the government based on such off-label prescriptions," without factual support, are insufficient to satisfy FCA pleading standards).  Consistent with these requirements, the Third Circuit recently held that a plaintiff must allege "particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted."  *Foglia v. Renal Ventures Mgmt. LLC.*, 754 F.3d 153, 156 (3d Cir. 2014).  Even under this "more lenient standard," a complaint must still provide the "who, what, when, where and how" evidencing the submission of false claims.  *See, e.g., United States ex. rel Piacentile v. Sanofi Synthelabo, Inc.*, Civil Action No. 05-2927, 2010 WL 5466043, at *7, *9 (D.N.J. Dec. 30, 2010) (allegations of off-label promotion did not satisfy Rule 9(b)).

15

In *Caldwell*, the defendant-pharmaceutical manufacturer appealed to the Louisiana Supreme Court and argued that the trial court erred in entering judgment against them because the trial record was insufficient to establish a violation of MAPIL. *Id.* at 906. In holding that MAPIL did not apply to the pharmaceutical manufacturer's improper marketing statements, the Louisiana Supreme Court conducted an in-depth analysis of La. Rev. Stat. § 46:438.3[10] and made important statutory findings concerning the scope of each provision. First, to be held liable under Section 46:438.3(A) the Louisiana Supreme Court held that "the person liable under this provision must cause a health care provider or his billing agent to make a request or demand for payment from medical assistance program funds that the health care provider or his billing agent knows to be false, fictitious, untrue or misleading." *Id.* at 909. Critically, the court explained that the doctor, hospital or their billing agent – not just the manufacturer – must know the claim to be false. *Id.* Second, under Section 46:438.3(B) the Court found that the provision did not apply to defendant's improper marketing statements because there was no showing that defendants "failed to disclose or concealed information required on a claim for payment made against the medical assistance program funds" and there was no showing that defendants made off-label statements to the Department of Health and Hospitals. *Id.* at 912. Third and finally, under Section 46:438.3(C) the court held that there must be a "causal link between the misleading marketing statement and a false or fraudulent claim for payment to a health care provider or other person to establish liability under MAPIL." *Id.* at 913. In sum, the Court reversed the trial court's verdict and found that the Attorney General "failed to prove the defendant drug manufacturers, by misrepresenting through off-label statements the potential for

---

[10]    Although the Louisiana Supreme Court was interpreting the 2003 version of MAPIL, the applicable language has remained constant in subsequent amendments of MAPIL.

16

risk of side effects from the use of Risperdal, violated provisions of the Louisiana Medical Assistance Programs Integrity Law." *Id.*

Here, De Souza has failed to plausibly allege a claim under MAPIL (and, for that matter, the broader FCA). First, De Souza has failed to plausibly allege any off-label promotion that could form the basis of a MAPIL claim. The crux of De Souza's allegations is that AstraZeneca promoted, off-label, the results of the ASTEROID and JUPITER studies. *See* SAC ¶¶ 42-49. However, both of these studies presented truthful, scientific evidence of Crestor's effects on atherosclerosis and cardiovascular disease. *See* SAC Exs. 1-3. Tellingly, De Souza never alleges – and, indeed, cannot allege – that these studies AstraZeneca allegedly promoted contain information or data that is untrue. Consequently, AstraZeneca's promotion of truthful, published scientific data cannot form the basis of a MAPIL claim. *See, e.g.*, *See United States v. Caronia*, 703 F.3d 149, 165 (2d Cir. 2012). ("[P]romoting off-label drug use concerns lawful activity (off-label drug use), and the promotion of off-label drug use is not in and of itself false or misleading.").

Second, as the Louisiana Supreme Court held in *Caldwell*, De Souza has failed to allege with plausibility or particularity that a health care provider or billing agent knew that its request for payment was false or misleading in anyway. *See Caldwell*, 144 So.3d at 909-10. De Souza fails to name a single health care provider (neither in Louisiana nor elsewhere) that was subject to AstraZeneca's improper promotion and/or that subsequently submitted a claim for payment that he or she knew was false. As such, De Souza has not plausibly or particularly stated a claim under MAPIL.

Third, De Souza has failed to allege plausibly or with particularity a causal connection between the alleged misleading marketing statements (which do not exist) and the false or

fraudulent claim for payment.  In conclusory fashion, De Souza alleges that "AstraZeneca knew its false marketing . . . would cause physicians and pharmacists to submit claims for fraudulent Medicaid and Medicare reimbursement."  SAC ¶ 88.  However, these sweeping allegations do not address whether such claims were written for on-label or medically-accepted indications, as opposed to off-label indications.  De Souza's blanket allegations highlight this deficiency.  For example, De Souza alleges that "[a]s a result of AstraZeneca's off-label marketing scheme and kickbacks to physicians, all of the claims AstraZeneca caused physicians, pharmacists, and third-party payers to submit to the Louisiana Medicaid programs and other state-administered government health plans are false and/or fraudulent."  SAC ¶ 203.  Under any analysis, it is simply untrue that "all of the claims" are false or fraudulent given the breadth of FDA-approved (on-label) and "medically-accepted" uses for which Crestor is indicated.  *See* SAC ¶ 40 (conceding Crestor is approved for slowing the progression of atherosclerosis, patients with high cholesterol and to reduce the risk of heart attack and stroke in patients with an increased risk of cardiovascular disease).

De Souza also alleges that, as part of its off-label promotion scheme, AstraZeneca paid kickbacks to healthcare professionals in violation of the Anti-Kickback Statute ("AKS").  *See,* SAC ¶¶ 58-60, 203.[11]  As with her other allegations, De Souza supports this allegation with nothing more than legal conclusions and sweeping generalizations.  The SAC lacks a single particular factual allegation that a single doctor wrote a single prescription that was submitted to

---

[11]     Rule 9(b)'s heightened pleading standard applies where the FCA claim is based on the alleged payment of kickbacks.  *See United States ex rel. Bennett v. Medtronic, Inc.*, 747 F. Supp. 2d 745, 783-85 (S.D. Tex. 2010) (dismissing kickback allegations for failure to meet the requirements of Rule 9(b)); *United States ex rel. Wilkins v. United Health Grp., Inc.*, No. 08-3425, 2011 WL 6719139, at *2 (D.N.J. Dec. 20, 2011) (dismissing, on remand, kickback allegations for failure to satisfy 9(b)).

a single government payor because the doctor received a kickback.  De Souza's AKS allegations do not come close to meeting the requirements of Rules 8(a) or 9(b), and should be dismissed. *See, e.g., Lampkin*, 2013 WL 2404238, at *5 (dismissing AKS claims because relator failed to provide "adequate factual support for her assertion that these doctors only prescribed [drug] as a result of Defendants' provision of kickbacks"); *Piacentile,* 2010 WL 5466043, at *8 (dismissing AKS-based FCA claim because, even though relator identified specific doctors that were allegedly paid kickbacks, relator's allegations that they actually prescribed defendants' products off-label to patients covered by government health programs because of these kickbacks were too conclusory); *United States ex rel. Mooney v. Americare, Inc.,* No. 06-cv-1806, 2013 WL 1346022, at *4 (E.D.N.Y. Apr. 3, 2013) (dismissing AKS-based FCA claim where relator "does not provide patient names, claim numbers, date of services, claim amounts, or reimbursement amount, if any."); *United States ex rel. Nunnally v. W. Calcasieu Cameron Hosp.*, No. 12-30656, 519 F. App'x 890, 894 (5th Cir. Apr. 3, 2013) (dismissing AKS claims where relator "has pleaded no facts regarding actual Medicare referrals or the billing and payment services provided to any Medicare patient").

## V.   <u>CONCLUSION</u>

For each of the reasons stated above, the Court should dismiss the SAC with prejudice.

January 5, 2015                              MORGAN, LEWIS & BOCKIUS LLP

<u>*/s/ Jody C. Barillare*</u>
Jody C. Barillare (#5107)
The Nemours Building
1007 North Orange Street, Suite 501
Wilmington, DE 19801
(302) 574-3000
jbarillare@morganlewis.com

19

John C. Dodds (admitted *pro hac vice*)
Rebecca J. Hillyer (admitted *pro hac vice*)
Evan K. Jacobs (admitted *pro hac vice*)
1701 Market Street
Philadelphia, PA 19103-2921
(215) 963-5000
jdodds@morganlewis.com
rhillyer@morganlewis.com
ejacobs@morganlewis.com

*Attorneys for Defendant AstraZeneca*
*Pharmaceuticals LP*